UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CANDELARIO JIMENEZ-RAMIREZ,<br><br>Defendant. | No. 1:16-cr-00156-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 42) |

This matter arises from the criminal conviction of defendant Candelario Jimenez-Ramirez. On February 27, 2017, defendant pled guilty to conspiracy to manufacture, distribute, and/or possess with the intent to distribute marijuana. (Doc. No. 28.) On May 22, 2017, defendant was sentenced to 30 months in the custody of the Bureau of Prisons. (Doc. No. 40.)

**BACKGROUND**

On January 22, 2018, defendant filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 42.) In his form motion, defendant left blank the section provided for listing each ground upon which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States. (*See id.* at 4–9.) However, in the section inquiring whether defendant pled guilty, defendant alleges: "I am not guilty, but my public defender, tell me, I need to say 'guilty', because if I don't say I am guilty, I will receive 10

1

to 15 years." (*Id.* at 1.)[1] In an addendum to his motion, defendant further alleges, in relevant part:

> The las[t] interviews [my attorney] tell me very clear . . . if I don't accept the charge 'guilty', he going to take me to the trail [sic] . . . and I going to receive 10 to 15 years, of sentense [sic]. And I be scared, and I sign the plea guilty,, and that is the thing a wan expleint to you [sic].

(*Id.* at 14.) Although somewhat difficult to decipher, the court construes defendant's motion as alleging that defendant did not receive effective assistance of counsel in determining whether to accept a guilty plea and that his plea was therefore entered involuntarily.

## APPLICABLE LAW

Title 28 U.S.C. § 2255 allows a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence if he claims the right to be released upon any of the following four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a); *see also United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002). Under § 2255, the federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. *Davis v. United States*, 417 U.S. 333, 344–45 (1974); *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999). To warrant relief, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that Brecht's harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254."). Such relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir.2008).

---

[1] The docket reflects that defendant was represented by counsel appointed from the court's Criminal Justice Act panel and not by the Federal Defender's Office.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotation marks omitted); *see also United States v. Withers*, 638 F.3d 1055, 1062–63 (9th Cir. 2011); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003). To warrant a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Withers*, 638 F.3d at 1062; *McMullen*, 98 F.3d at 1159. Mere conclusory assertions in a § 2255 motion are insufficient, without more, to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).

The clearly established federal law for ineffective assistance of counsel claims is *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on a *Strickland* claim, a defendant must show that: (1) his counsel's performance was deficient; and (2) the "deficient performance prejudiced the defense." *Id*. at 687; *see also Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel.").

Counsel is constitutionally deficient if his or her representation "fell below an objective standard of reasonableness" such that it was outside "the range of competence demanded of attorneys in criminal cases." *Id*. at 687–88 (internal quotation marks omitted). "Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington v. Richter*, 562 U.S. 86, 104 (quoting *Strickland*, 466 U.S. at 687).

The United States Supreme Court has confirmed that the Sixth Amendment right to counsel "extends to the plea-bargaining process." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). To prevail on such a claim, a movant must demonstrate "'gross error on the part of counsel,'" *Turner v. Calderon*, 281 F.3d 851, 880 (9th Cir. 2002) (quoting *McMann v. Richardson*, 397 U.S. 759, 772 (1970)), and that the advice he received from his counsel was "so incorrect and so

3

insufficient that it undermined his ability to make an intelligent decision about whether to accept the [plea] offer." *Id*. (quoting *United States v. Day*, 969 F.2d 39, 43 (3rd Cir. 1992)). It is also ineffective assistance "to fail to advise a client to enter a plea bargain when it is clearly in the client's best interest." *Leonti*, 326 F.3d at 1117.

However, defense counsel is not "required to accurately predict what the jury or court might find." *Turner*, 281 F.3d at 881; *see also McMann*, 397 U.S. at 771 ("[U]ncertainty is inherent in predicting court decisions."). Nor is counsel required to "discuss in detail the significance of a plea agreement," give an "accurate prediction of the outcome of [the] case," or "strongly recommend" the acceptance or rejection of a plea offer. *Turner*, 281 F.3d at 881. Although counsel must fully advise the defendant of his options, he is not "constitutionally defective because he lacked a crystal ball." *Id*. The relevant question is not whether "counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases." *McMann*, 397 U.S. at 771.

Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To demonstrate prejudice where a defendant claims that trial counsel's defective advice caused him to accept a plea offer instead of proceeding to trial, a defendant must allege and ultimately demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

## ANALYSIS

The court has screened defendant's motion and finds that it is plain on the face of the motion that the defendant is not entitled to relief. Defendant contends that his attorney's estimation that he would receive a 10 to 15-year prison sentence, were he to proceed to trial and be convicted on the charges brought against him, was inaccurate. However, defendant has not demonstrated that his lawyer's estimation was in fact inaccurate or that his lawyer's performance was otherwise deficient. The Ninth Circuit has expressly held that an inaccurate prediction of a sentence will not render counsel's performance deficient unless the mistake constitutes a "gross

/////

mischaracterization of the likely outcome." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).[2]

Assuming defendant's counsel did in fact tell him he faced a possible sentence of 10 to 15 years imprisonment if he was convicted at trial, such an estimate does not constitute a gross mischaracterization that would support a finding of ineffective assistance. Here, defendant was indicted on three counts. (Doc. No. 17.) The maximum possible punishment for Count 1 of the indictment—to which defendant pled guilty—was up to 20 years imprisonment, a fine of up to $1 million, a three-year to life term of supervised release, a mandatory $100 special assessment, and a restitution order. In exchange for defendant's guilty plea to Count 1, however, the government agreed to dismiss the remaining counts of the indictment. (*Id.* at 11.) If defendant had been convicted of Count 2, he would have been exposed to an additional statutory penalty of up to 20 years imprisonment, a mandatory three-year term of supervised release, and a $1 million fine. If defendant had been convicted of Count 3, he would have been exposed to a maximum term of 10 years imprisonment, up to three years supervised release, and a $250,000 fine. As part of the defendant's plea agreement, the government agreed to recommend a three-level reduction in the defendant's offense level for acceptance of responsibility and to also

> recommend that the defendant be sentenced to the low end of the applicable guideline range, a two-level minor role reduction, and a two-level safety valve reduction, if the defendant qualifies for the safety valve relief. The government will not recommend application of the two-level firearm enhancement and agrees that evidence of a firearm's presence would not preclude safety valve relief.

(Doc. No. 25 at 4–5.)

The government stood by the parties' plea agreement and the court adopted the government's various recommendations in its guideline determination, imposing a sentence at the low end of the applicable guideline range (30 months) as recommended by the government. Had

---

[2] Defendant appears to allege that his counsel inaccurately estimated the sentence he was likely to receive following conviction at trial, rather than inaccurately estimating the likely sentence to be imposed as a result of entering a guilty plea. Nonetheless, decisions regarding the latter are sufficiently analogous to the present case. *See United States v. Nguyen*, 997 F. Supp. 1281, 1289 n.8 (C.D. Cal. 1998) ("Although counsel's alleged erroneous advice pertained to the ultimate consequence of conviction by trial, decisions pertaining to the consequence of pleading guilty are sufficiently analogous to apply here.").

5

defendant been convicted on Count 1 at trial, he may well have not been entitled to receive any of these downward adjustments in his offense level at the time of sentencing, may have received a two-level increase due to the presence of a firearm (USSG § 2D1.1(b)(1)) and, if he had testified, also received a two-level upward adjustment for obstruction (USSG § 3C1.1). If that had been the result following conviction at trial, rather than an adjusted offense level of 19, defendant's offense level could well have been found to be 30, calling for an advisory sentencing guideline range of 97–121 months imprisonment. In addition, convictions on Counts 2 and 3 would have been grouped pursuant to USSG § 3D1.2. Finally, the court notes that this offense involved cultivation of 5,707 marijuana plants. Accordingly, but for the plea agreement reached between the parties, the government may have elected to seek a superseding indictment alleging the total number of marijuana plants found at the grow site and thereby exposing defendant to a minimum mandatory sentence of ten years imprisonment up to a maximum of life imprisonment if convicted. Therefore, even if his counsel informed defendant that counsel estimated a sentence of 10 to 15-years in prison if defendant proceeded to trial and was convicted of all charges, such an estimate would not have been objectively unreasonable and does not provide support for an ineffective assistance of counsel claim in this case.

Moreover, even if the court concluded that counsel's estimate of the possible consequences of proceeding to trial constituted deficient performance, defendant has failed to allege that he would not have accepted the government's plea offer and would have proceeded to trial absent his lawyer's allegedly erroneous advice. *See Aragon v. United States*, 963 F.2d 378 (9th Cir. 1992) ("An attorney's estimates regarding the sentence to be imposed or parole eligibility do not constitute ineffective assistance where the petitioner did not allege in the habeas corpus petition that he would not have pleaded guilty and would have gone to trial had he known what the sentence would actually be.") (citations omitted); *see also Hill*, 474 U.S. at 59; *United States v. Roberts*, 5 F.3d 365, 370 (9th Cir. 1993). Defendant has therefore failed to satisfy either prong of the *Strickland* standard here.

Finally, to the extent that defendant argues that he pleaded guilty only due to his counsel's urging, regardless of whether counsel's prison time estimate was accurate, defendant's motion

also fails. Defendant's sworn statements given in both his written plea agreement and during the plea colloquy before this court belie his claim that his guilty plea was somehow involuntary. Sworn statements made in open court are presumed to be truthful. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."); *see also Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977); *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015). Here, defendant affirmed in both the written plea agreement and at the plea colloquy that he had adequate time to discuss his situation with his counsel, that his plea was entered voluntarily, and that no one had coerced or threatened him in any way to enter his plea of guilty. (Doc. No. 25 at 9.) The plea agreement also contained a signed statement by defense counsel stating that counsel had discussed the plea agreement fully with his client. (*Id.*)

    For all the reasons set forth above, defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Dated: **November 27, 2018**

                                       UNITED STATES DISTRICT JUDGE